■ DEAN WITTER REYNOLDS, INC., Respondent, v BURTON E. ENO, Appellant. [669 NYS2d 42] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered April 17, 1997, which granted petitioner's motion to confirm an arbitration award dismissing respondent's claims as time barred and denied respondent's cross motion to vacate the award, unanimously affirmed, with costs.

In May 1994, respondent-customer, a Florida resident, filed a demand for arbitration respecting claims asserted by him against petitioner-broker Dean Witter. Respondent's claims had as their focus investments in limited partnerships purchased by respondent through Dean Witter 8 to 12 years before. The applicable Florida Statute of Limitations for the torts alleged by respondent was 4 years, commencing from the time he knew or should have known of his broker's misdeeds. Respondent received statements from the commencement of the subject investments indicating that they were not performing in accordance with Dean Witter's representations. He also received prospectuses on several of the limited partnerships.

The parties stipulated that the arbitrators would address legal issues, including those relevant to the application of the Statute of Limitations, at a telephonic hearing. Prior to the hearing, both parties submitted briefs addressing Statute of Limitations issues and, by the time of the hearing, the arbitrators also had before them respondent's Statement of Claim and

exhibits. Subsequent to the hearing, at which oral argument was heard, respondent's claims were dismissed by the arbitration panel as time barred. Respondent contends that it was error for the arbitrators not to conduct a full evidentiary hearing.

We agree with the IAS Court that the arbitrators' failure to conduct an evidentiary hearing was not violative of section 10 (a) (2), (3) and (4) of the Federal Arbitration Act (9 USC §§ 1-16) and did not constitute a " 'manifest disregard for the law' ". The parties consented to the arbitrators' address of Statute of Limitations issues at the telephonic hearing and respondent is bound by that election (*Volt Information Sciences v Stanford Univ.*, 489 US 468, 479). The arbitrators' actions were consistent with the parties' stipulation and we note that an evidentiary hearing on Statute of Limitations issues is not invariably required (*see, Dodds v Cigna Sec.*, 12 F3d 346, 350, *cert denied* 511 US 1019). Under these circumstances, the arbitrators' actions were neither unfair nor unreasonable and certainly do not amount to misconduct.

We have considered respondent's other arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.